Joseph Jiudice, J.
In this conservator’s proceeding under article 77 of the Mental Hygiene Law, the court-appointed guardian ad litem for the proposed conservatee has made a motion before this court for an order requiring that all accounts and *209 property of the proposed conservatee be turned over to him during the pendency of the proceeding, that he be the reeipiént of funds and assets acquired by the proposed conservatee, that he be authorized to make all ordinary expenditures for her maintenance and for other relief as stated in, his motion papers.
Several alleged interested parties appear on this motion either in support of or in opposition to the relief requested by the guardian ad litem. There are many allegations made and a voluminous record in this matter all of. which will be considered by the court on the final 'hearing. The court must, at this time, determine whether the court has the authority under the law to grant the relief requested by the guardian ad litem.
A unique question is presented on this motion as to the authority of a guardian ad litem to act in a capacity other than his usual prescribed duties when appointed by the court. Research discloses no precedent which would allow the court to grant the relief sought.
Admittedly, the language of article 77 of the .Mental Hygiene Law is vague in defining the- powers of a court-appointed guardian ad litem in a conservator’s proceeding. Nevertheless, a decision must be made as. to the function of a guardian ad litem as defined in other proceedings and by specific cases.
A guardian ad litem, being an officer of the court, has powers and duties which are limited by law, "While it is true that the concept of a guardian ad litem does not necessarily contemplate a passive role in protecting the interests of the person for whom he is appointed, the concept does not extend to the point of allowing a guardian ad litem to generally manage and control the property and assets of the person for whom he is appointed. Generally, the duties of a guardian ad litem extend to investigation and reporting the status of matters dealing with the interests of the person for whom he was appointed and, primarily, in actively prosecuting or defending an action in behalf of such person.
It appears that the Legislature of this State in passing article 77 of the Mental Hygiene Law and in particular allowing the court to appoint a guardian ad litem, intended he should have these functions and in particular to act as the protector of the rights and interests of the proposed conservatee. The .court believes, however, it was not inteiided a guardian ad litem be the recipient of a proposed conservatee’s property and assets during the .pendency of a .proceeding. To hold otherwise would, in this court’s opinion, be tantamount to expanding the duties of a guardian ad litem beyond those which the law defines.
*210 The court is of the opinion that a guardian ad litem, even though he does not have cthe right to actually, hold assets, must have the right to inspect all records at all times, if he is to protect the interests of the proposed eonservatee. To accomplish this, he does not have to have possession of all records unless his right to inspect all .records is impeded.
Consequently, and in view of the foregoing, the court does not believe the guardian ad litem is entitled to the actual management of any property or assets, but his rights are limited to inspect all records of the property and assets of the proposed eonservatee and to ask the court for relief, if it appears the assets or property are being dissipated.
The court holds, therefore, the guardian ad litem is not entitled to the relief as specifically requested, but does believe, and so orders, the .guardian ad litem has the absolute right to inspect all records pertaining to the proposed eonservatee’s assets and property at any time during the pendency of this action. Should he be impeded in this function or should he, during the course of his inspection, determine the property of the proposed consorvatee is being improperly dissipated, he has the absolute right to seek relief from this court.